AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Randy Lynn McCoy<br>*Defendant(s)* | ) ) ) Case No.<br>) ) **5-20MJ-0093**<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **August 6, 2020** in the county of **Lubbock** in the **Northern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 922(g)(1), 924(a)(2) | Convicted Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
See attached affidavit

✔ Continued on the attached sheet.

_[signature]_
AUSA

_[signature]_
*Complainant's signature*

John P. Pennington, Deputy U.S. Marshal
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 7th day of August, 2020.

Date: 8/7/20

City and state: Lubbock, Texas

_[signature]_
*Judge's signature*

D. Gordon Bryant, Jr., U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

### Affiant's Background and Experience

Affiant is employed as a Deputy U.S. Marshal with the United States Marshals Service and has been since September 2008. Throughout my tenure with the U.S. Marshals Service, I have participated in a variety of investigations. I have prepared numerous search warrants and complaints. I have received training in federal laws and regulations at the Federal Law Enforcement Criminal Investigator Training Program, as well as the U.S. Marshals Service Basic Training Academy. I regularly refer to state and federal laws and regulations during the course of my duties. Before becoming a Deputy U.S. Marshal, I was employed with the El Paso Police Department as a Texas Peace Officer from 2000 to 2008.

The information contained in this affidavit is based upon my personal experience and information relayed to me by other law enforcement officers involved in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe a crime has been committed and that the defendant committed it, I have not included each and every fact known to me in this affidavit.

### Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)

As a result of my training and experience, I am familiar with federal firearms laws, including 18 U.S.C. §§ 922(g)(1), 924(a)(2), which makes it unlawful for a convicted felon to possess a firearm. There are four elements to this offense: (1) that the defendant knowingly possessed a firearm or ammunition as charged; (2) that before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a

1

crime punishable by imprisonment for a term in excess of one year; (3) that the defendant knew the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (4) that the firearm or ammunition possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

**Facts Establishing Probable Cause**

On August 6, 2020, I received a collateral lead from the United States Marshals Service office in Houston, Texas, regarding fugitive Randy Lynn McCoy, who at the time was wanted for the offenses of Burglary of Habitation, Burglary of a Building, Arson with Intent to Damage a Place of Worship, Assault Family Violence with a Previous Conviction, Burglary of Habitation out of Leon County, Burglary of Building out of Leon County, as well as Possession of a Controlled Substance. The information that I received was that this fugitive was a known Peckerwood gang member that was believed to have stolen multiple firearms and would be staying at a hotel in the area of Interstate 27 and Avenue Q in Lubbock, Texas.

From 0800 hours until approximately 1100 hours I went inside multiple hotels in Lubbock until I arrived at the Econolodge Hotel at 5706 Interstate 27. I walked inside the hotel and observed a female who I recognized to be McCoy's girlfriend in the lobby. I walked over to the front desk attendant and asked the attendant if McCoy was staying at the hotel and showed her a photo of him. The desk attendant said that he and the female had just checked out and were loading a vehicle in the rear parking lot. I was able to

2

observe this through hotel video surveillance cameras.

I then began conducting stationary surveillance and saw McCoy loading items onto a flat bed trailer that was attached to a 1978 Chevy Suburban. I contacted other law enforcement officers to assist with apprehending McCoy. I saw McCoy get in the driver's seat of the Suburban and watched him drive onto the frontage road for Interstate 27 southbound. I followed the Suburban until the marked patrol vehicles were close to me and then conducted a felony traffic stop at the intersection of Interstate 27 South and Avenue Q, Lubbock, Texas. I placed McCoy under arrest.

After initially providing a false name, McCoy admitted to his identity. I asked McCoy if there were any other occupants in the vehicle or weapons. McCoy told me that there was a gun in the back seat of the Suburban and no other occupants. Officers on scene approached the Suburban and a deputy with the Lubbock County Sheriff's Office found a rifle in the back seat of the Suburban, behind the driver's seat. The weapon was found to be a Sturm Ruger, Model Mini 14, .223 caliber semi-automatic rifle bearing Serial Number 182-92950. There was also a full magazine of ammunition next to the weapon inside a carrying bag.



I have examined the Ruger Model Mini 14 and determined that it meets the federal definition of a "firearm" under Title 18, United States Code, Section 921(a)(3).

According to my research, Sturm Ruger is based in Southport, Connecticut, with production facilities in Newport, New Hampshire; Mayodan, North Carolina; and Prescott, Arizona. Because this firearm was not manufactured in the State of Texas, it must have traveled in or affected interstate or foreign commerce; that is, before McCoy possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

I conducted a number of database research checks on McCoy and was able to determine that McCoy is a convicted felon. Before August 6, 2020, McCoy had felony

4

convictions for Forgery of a Financial Instrument, Drug Possession, and Felony Theft. Based upon the nature and circumstances of those convictions, I have probable cause to believe that McCoy knew he had been convicted of a felony offense.

Based on my training, education, and experience, and the information provided to me, I believe that Randy Lynn McCoy violated Title 18, United State Code, Sections 922(g)(1) and 924(a)(2), by being a convicted felon in possession of a firearm.

Deputy U.S. Marshal J.P. Pennington
United States Marshals Service

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 7th day of August 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

5